UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

v.  CAUSE NO.: 1:08-CR-38-TLS

DARRELL F. JACKSON

**OPINION AND ORDER**

This matter is before the Court on a Joint Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act [ECF No. 122]. In that Motion, the Defendant and the Government agree that the Fair Sentencing Act's modified penalty structure would have applied to Defendant Darrell F. Jackson's crack-cocaine conviction had the Act been in effect at the time of his sentencing. The U.S. Probation office concurs. The Joint Motion requests that the Court reduce the Defendant's sentence, and enter an amended judgment sentencing him to time served and 3 years of supervised release.

**BACKGROUND**

On April 23, 2008, the Defendant was charged in a two count Indictment with knowingly and intentionally possessing with intent to distribute 5 or more grams of cocaine base, a violation of 21 U.S.C. §§ 841(a)(1) (Count 1), and knowingly possess in and affecting commerce a firearm and ammunition, a violation of 18 U.S.C. § 922(g)(1) (Count 2). On April 15, 2009, the Defendant pled guilty to Count I of the Indictment.

Based on the amount of cocaine base, 20.54 grams, and the Defendant's career offender status, the minimum term of imprisonment was 5 years and the maximum term of imprisonment was 40 years. For sentencing purposes, the Defendant's relevant conduct was 36.06 grams of

cocaine base. The Defendant's guideline range was 188 to 235 months. He was sentenced to the low end of the guidelines, 188 months.

The Court previously found that the Defendant was not eligible for a reduction in his sentence pursuant to the Fair Sentencing Act of 2010, *see United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011), as his guideline range was driven by his status as a career offender and remained at 188 to 235 months.

## DISCUSSION

The First Step Act permits a court that imposed a sentence for a "covered offense" to now "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act, § 404(b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." First Step Act, § 404(a). Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

The parties agree that the Defendant meets all the criteria to be eligible for a reduction under Section 404 of the First Step Act. Specifically, his offense was committed before August 3, 2010, and the statutory penalties applicable to his offense were modified by Section 2 of the Fair Sentencing Act. The Defendant is no longer subject to a 5-year mandatory minimum, with a range up to 40 years. His new statutory penalty range is 0 to 20 years imprisonment. This has the effect of lowering his Career Offender enhancement under USSG § 4B1.1(b), which lowers his

total offense level to 29. Under retroactive amendments to the United States Sentencing Guidelines, his advisory guideline range is 151 to 188 months.

The parties submit that the Defendant has served about 132 months, and jointly request that the Court reduce his sentence to time served. The parties also agree that the Defendant is eligible for a reduction of his term of supervised release. The Court originally imposed the 4-year mandatory minimum term of supervised release. The minimum term of supervised release under the Fair Sentencing Act is 3 years. The parties agree that all the conditions of supervised release shall remain the same.

The Addendum provided by the U.S. Probation Office does not identify any public safety factors that would adversely impact the Court's decision. Records show that the Defendant has completed numerous educational classes during his term of imprisonment. The Defendant's disciplinary record is not unusual or severe, given the length of his incarceration. The Court has considered the Defendant's offense of conviction, the kinds of sentences available, the Defendant's sanctioned disciplinary incidents since incarceration, and other post sentencing conduct. Having now considered the Joint Motion, and the sentencing factors of § 3553(a), the Court will reduce the Defendant's sentence to time served, with 3 years of supervised release to follow.

## CONCLUSION

Based on the above, the Court hereby ORDERS that:

1. The Joint Motion [ECF No. 122] is GRANTED;

2. An Amended Judgment be entered reducing the Defendant's sentence to Time Served and reducing his term of supervised release to 3 years;

3. The provisions of the Defendant's judgment of November 2, 2009, shall otherwise remain unchanged;

4. The effective date of this Order shall be stayed for 10 days from the date of entry to allow, if necessary, the processing of the Defendant's release and to permit the Probation Officer to approve a reentry plan; and

5. This Opinion and Order, as well as the Amended Judgment, be provided to the Bureau of Prisons.

SO ORDERED on May 20, 2019.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT